IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CATHERINE COOPER,** ) | |
| On Behalf of Herself and All Others ) | JURY TRIAL DEMANDED |
| Similarly Situated, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case no.: |
| ) | |
| **NATIONSTAR MORTGAGE LLC** ) | |
| **d/b/a MR. COOPER** ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**Collective Action under §216(b) of FLSA**

Plaintiff Catherine Cooper, on behalf of herself and all others similarly situated, by and through counsel, for her Original Complaint against Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar" or "Defendant") states as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff Catherine Cooper is a former Loan Officer for Nationstar. She sold mortgages to individual customers primarily over the telephone. Nationstar treated her and other Loan Officers as non-exempt employees, and/or did not pay them minimum wages and/or overtime for all hours worked over 40 per week. Nationstar also failed to include in Plaintiff's and other Loan Officers' regular rates of pay all paid commissions and/or bonuses. Nationstar operates retail mortgage branches nationwide.

2. This is a collective action brought by Individual and Representative Plaintiff Catherine Cooper on her own behalf and on behalf of the proposed FLSA collective action members. Plaintiff and the putative FLSA collective action members are or were

1

employed by Nationstar as "loan officers," "mortgage loan originators," and in similar mortgage origination job titles, and were denied minimum wage and/or overtime compensation as required by federal and state wage and hour laws. These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

3. The FLSA requires employers to include all compensation when determining their employees' regular rate of pay. Defendant failed to include all paid commissions and/or non-discretionary bonuses and incentive pay in its employees' regular rates of pay. Consequently, Defendant owes Plaintiff and its other Loan Officers back pay at the rate of time and one-half for all hours worked over 40 in a workweek, liquidated damages, attorneys' fees, and court costs

4. The FLSA Collective is made up of all persons who are, have been, or will be employed by Defendant as "loan officers," "mortgage loan originators," and in similar mortgage origination job titles (collectively as "Loan Officers"), within the United States at any time within the last three years through the date of final disposition of this action (the "Collective Period").

5. During the Collective Period, Defendant failed to pay minimum wages and/or overtime compensation to each FLSA collective action member as required by federal and state law. Plaintiffs seek relief for the FLSA Collective under the FLSA to remedy Defendant's failure to pay all wages due, pay appropriate overtime compensation, and maintain and distribute accurate time records, in addition to injunctive relief.

6. The FLSA Regular Rate Collective is made up of all persons who are, have been, or will be employed by Defendant as Loan Officers, within the United States at any time within the Collective Period who Defendant paid on an hourly basis pursuant to a commission

and/or bonus plan.

7. Nationstar's policy and practice is to deny earned wages including minimum wage and/or overtime pay to its Loan Officers. In particular, Nationstar requires these employees to perform work in excess of forty (40) hours per week, but fails to pay them minimum wages and/or overtime compensation by working them off of the clock and by not including in all required compensation into Loan Officers' regular rates of pay.

8. Nationstar's deliberate illegal treatment of its Loan Officers which denies them minimum wage and/or overtime compensation results in Nationstar violating the FLSA.

9. Plaintiffs will add Rule 23 claims under state wage and hour laws as this case progresses.

## PARTIES

10. Plaintiff Catherine Cooper currently resides in the Dallas, Texas area. Nationstar employed Plaintiff Cooper as a Loan Officer from approximately January 2011 through June 2016 at Defendant's offices located in Irving, Texas. Plaintiff's Consent to become a Party Plaintiff pursuant to 29 U.S.C. § 226(b) is attached as an exhibit.

11. Defendant Nationstar Mortgage LLC d/b/s Mr. Cooper is a Delaware limited liability company with its principal office located at 8950 Cypress Waters Blvd., Coppell, Texas 75019-4620. Nationstar does business in this judicial district and nationwide thru the internet and other media.

## JURISDICTION AND VENUE

*12.* This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

13. The United States District Court for the Northern District of Texas has personal jurisdiction because Nationstar conducts business within this District.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendant has offices, conducts business, and can be found in the Northern District of Texas, and the causes of action set forth herein have arisen and occurred in part in the Northern District of Texas. Venue is also proper under 29 U.S.C. §1132(e)(2) because Defendant has substantial business contacts within the state of Texas.

## FACTUAL ALLEGATIONS

15. Nationstar is a national residential mortgage company that originates and services home loans. Nationstar "is the largest non-bank mortgage servicer in the nation." Nationstar is publicly traded on the New York Stock Exchange under the ticker symbol NSM. http://www.nationstarholdings.com/.

16. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," including Plaintiff and all similarly situated employees. At all relevant times, Defendant has had gross operating revenues in excess of $500,000.00 which is the threshold test for the "enterprise" requirement under the FLSA.

17. Defendant paid Plaintiff and other Loan Officers on a draw against commission basis. As a result, Defendant recaptured any minimum wage and/or overtime compensation paid to Plaintiff and other Loan Officers which essentially resulted in Defendant paying them on a commission only basis. Defendant also paid Plaintiff and other Loan Officers bonuses and/or other incentive compensation.

18. Defendant uniformly applied its payment structure to all Loan Officers.

19. Defendant suffered and permitted Plaintiff and other Loan Officers to work more than forty hours per week without minimum wage and/or overtime compensation for all hours worked.

20. For example, while a Loan Officer, Plaintiff Cooper's schedule fluctuated from day-to-day. Her regular schedule had her working Mondays through Fridays, generally from 9:00 am or 10:00 am until 6:00 pm or 7:00pm or later. Additionally, Nationstar required Plaintiff to clock out for a 30-minute meal period even though Plaintiff often worked through this meal period. As such, Nationstar should have paid Plaintiff for this working time. Other Loan Officers worked through this "meal period" but Nationstar refused to pay them for this time.

21. Defendant knew Plaintiff and other Loan Officers worked more than forty hours in a week because Defendant expected Plaintiff and Loan Officers to be available to receive phone calls and answer emails – from customers, realtors and from Defendant's management employees – during the meal period. Also, for example, Plaintiffs and other Loan Officers were expected to timely respond to leads after receiving them. Plaintiff sometimes received these leads during these "meal periods."

22. Defendant also paid Plaintiff and other Loan Officers commissions on loans sold and/or funded, and bonuses such as the "Continuing Employment Bonus." However, Defendant failed to include all paid commissions and/or bonuses into Plaintiff's and other Loan Officers' regular rates of pay for overtime calculation purposes.

23. Defendant thus uniformly denied Plaintiff and other Loan Officers overtime pay.

24. Defendant treated Plaintiff and other Loan Officers as commission only employees and failed to include all paid compensation into their regular rates of pay, and therefore did

not pay them all overtime compensation to which they are entitled, even though they worked overtime hours. Defendant uniformly applied this policy and practice to all Loan Officers.

25. In reality, Plaintiff and other Loan Officers are and were non-exempt sales employees who are and were entitled to minimum wages and overtime pay.

26. Defendant, however, refused to allow Plaintiff and other Loan Officers to record all of their overtime hours such that Defendant failed to pay them all of the legally required overtime compensation.

27. Defendant also offset any overtime compensation paid to Plaintiff and other Loan Officers from their paid commissions.

28. Defendant is in the business of selling mortgages.

29. Plaintiff and the other Loan Officers had the same primary duty of selling loan products.

30. Plaintiff and other Loan Officers are and were non-exempt sales employees who are and were entitled to overtime pay.

31. Plaintiff and other Loan Officers did not customarily and regularly make sales at their customers' home or place of business.

32. Instead, Plaintiff and other Loan Officers regularly made sales over the phone, via the internet, and/or in person at Defendant's offices.

33. Plaintiff and other Loan Officers did not regularly supervise the work of two or more employees.

34. Plaintiff and other Loan Officers did not exercise discretion and independent judgment as to matters of significance.

35. Plaintiff and other Loan Officers did not perform office work related to Nationstar's

general business operations or its customers.

36. Plaintiff and other Loan Officers had no advance knowledge in a field of science or learning which required specialized instruction that was required to perform the job.

37. Nationstar does not require Plaintiffs and other Loan Officers to have a college degree to obtain a Loan Officer job.

38. All Loan Officers are similarly situated in that they share common job duties and descriptions, Nationstar paid them according to common pay plans, and were all subject to Nationstar's policy and practice that treated them as commission only employees and failed to include all paid compensation in their regular rates of pay, and they all performed work without overtime compensation.

39. Defendant did not keep accurate records of the hours Plaintiff and other Loan Officers worked. Because Defendant did not pay Plaintiff and other Loan Officers for all the hours they worked, including overtime hours, Defendant's wage statements did not accurately reflect all hours Plaintiff and other Loan Officers worked.

40. Defendant did not provide Plaintiff and the other Loan Officers with paychecks and/or accurate paychecks.

41. Defendant did not pay Plaintiff and other Loan Officers for all of their overtime hours and failed to pay them at the legally mandated regular rate of pay. Accordingly, Defendant did not provide Plaintiff and other Loan Officers with all compensation owed to them, including their unpaid overtime, at the time they separated from the company.

42. Defendant is aware of wage and hour laws, as evidenced by the fact that they provide minimum wage and overtime compensation to other employees who are not Loan Officers. Moreover, it is common industry knowledge that courts and the United States

         Department of Labor have found mortgage loan officers to be non-exempt entitled to be paid minimum wage and/or overtime compensation for all hours worked.

43. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and other Loan Officers.

## FLSA Collective

44. Plaintiff brings Count I on behalf of herself and other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees are:

    All persons who are, have been, or will be employed by Defendant as "Loan Officers" "Mortgage Loan Originators," "Mortgage Loan Officers," and other individuals who originated loan products with similar job titles within the United States at any time during the last three years through the entry of judgment in this case ("FLSA Collective").

    Plaintiffs will divide the FLSA Collective as necessary for certification and/or litigation purposes.

45. Upon information and belief, Defendant paid Plaintiff and the FLSA Collective essentially on a commission basis because Defendant offset any minimum wage and/or overtime compensation from their commissions, and suffered and permitted them to work more than forty hours per week without overtime compensation.

46. Defendant's draw against commission pay plan and failure to pay for all work hours over 40 per week is a uniform policy, decision, and/or plan that applies to all Loan Officers.

47. Accordingly, Plaintiff and the FLSA Collective were subject to Defendant's policy, decision, and/or plan of failing to pay appropriate overtime compensation.

48. Other former Loan Officers have agreed to join this case and their consents to join have are attached as an exhibit.

49. Defendant's unlawful FLSA conduct has been widespread, repeated. and consistent.

50. Upon information and belief, Defendant knew that Plaintiff and the FLSA Collective performed work that required overtime pay. Defendant required them to work long hours and weekends without the proper pay, Plaintiff and/or those similarly situated complained to Defendant about these practices, and it is common industry knowledge that loan officers are non-exempt employees who must be paid for all hours worked. Defendant operated under a scheme to deprive these employees of overtime compensation by failing to properly compensate them for all hours worked.

51. Plaintiff brings Count II on behalf of herself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees are:

    All current and former Loan Officers, "Mortgage Loan Originators," "Mortgage Loan Officers," and other individuals who originated loan products with similar job titles who Defendant paid on an hourly basis with paid commissions and/or bonuses who worked in the United States at any time within the last three years up to the entry of judgment in this case (the "FLSA Regular Rate Collective").

52. Plaintiff knows that FLSA Regular Rate Collective Members exist who have been denied the FLSA's overtime premium by being subjected to the same illegal pay practices described above. Plaintiff's knowledge is based on working and talking with other employees of Defendants. Furthermore, Plaintiff asked her manager to explain how Defendant was calculating and paying any overtime, and her manager said he did not understand it.

53. The FLSA Regular Rate Collective Members are similarly situated to Plaintiff in that they share the same/similar duties and were subject to the same pay policies.

54. On information and belief, Defendant implemented the same compensation structure which failed to include all paid commissions and/or bonuses into the regular rate of pay

for all FLSA Regular Rate Collective Members.

55. Accordingly, Plaintiff and the FLSA Regular Rate Collective Members were subject to Defendant's policy, decision, and/or plan of failing to pay appropriate overtime compensation because Defendant failed to include paid all paid commissions and/or bonuses into the regular rate of pay.

56. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective and FLSA Regular Rate Collective, and as such, notice should be sent to the FLSA Collective and FLSA Regular Rate Collective. There are numerous similarly situated, current and former employees of Defendant who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

57. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and similarly situated employees.

## COUNT I
### Collective Action under §216(b) of the FAIR LABOR STANDARDS ACT Minimum Wage and Overtime Claims

58. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

59. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

60. Plaintiff and the FLSA Collective are entitled to be paid minimum wage and/or overtime

compensation for all hours worked.

61. Defendant, pursuant to their policies and practices, failed and refused to pay all minimum wages and/or overtime premiums to Plaintiff and the FLSA Collective for all of their hours worked.

62. Defendant violated the FLSA, 29 U.S.C. § 201 *et seq*. by failing to compensate Plaintiff and the FLSA Collective for all minimum wage and/or overtime compensation.

63. By failing to record, report, and/or preserve accurate records of hours worked by Plaintiff and the FLSA Collective, Defendant failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

64. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

65. Plaintiff, on behalf of herself and the FLSA Collective, seek damages in the amount of all respective unpaid minimum wages and/or overtime compensation at a rate of the applicable minimum wage and/or one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

66. Plaintiff, on behalf of herself and the FLSA Collective seek recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

## COUNT II
### Collective Action under §216(b) of the FAIR LABOR STANDARDS ACT
### Regular Rate Overtime Claims

67. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

68. Defendant's practice of failing to pay Plaintiff and FLSA Regular Collective Members overtime at a rate not less than one and one-half times their regular rate for all hours over forty (40) violates the FLSA because Defendant failed to include all paid commissions and/or non-discretionary bonuses into the regular rate of pay for overtime calculation purposes. *See* 29 U.S.C. § 207.

69. None of the exemptions provided by the FLSA are applicable to the Defendant, or to the Plaintiff and FLSA Regular Rate Collective Members.

70. Defendant has not made a good faith effort to comply with the FLSA.

71. Defendant's method of paying Plaintiff and FLSA Regular Rate Collective Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

**WHEREFORE,** Plaintiff, on behalf of herself and all members of the FLSA Collective and FLSA Regular Rate Collective, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective and Regular Rate Collective, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective and Regular Rate Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

B.  A declaration that Defendant is financially responsible for notifying the FLSA Collective and Regular Rate Collective of its alleged wage and hour violations;

C. Judgment against Defendant for an amount equal to Plaintiffs' and the FLSA Collective's and Regular Rate Collective's unpaid minimum and/or overtime wages at the applicable rates;

D. A finding that Defendant's conduct was willful;

E. An equal amount to the overtime wages as liquidated damages;

F. All costs and attorney' fees incurred prosecuting these claims, including expert fees;

G. Pre-judgment and post-judgment interest, as provided by law;

H. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

I. Such further relief as the Court deems just and equitable.

### Demand for Jury Trial

Plaintiff, individually and behalf of all others similarly situated, hereby demands a jury trial on all causes of action and claims with respect to which they have a right to jury trial pursuant to Federal Rule of Civil Procedure 38(b).

Dated November 17, 2017

Respectfully submitted,

/s/ J. Derek Braziel
J. Derek Braziel, State Bar No. 00793880
**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
Tel:  (214) 749-1400
Fax:  (214) 749-1010
Email: jdbraziel@l-b-law.com

/s/ Rowdy B. Meeks
Rowdy B. Meeks*, Kansas Bar No.16068
**Rowdy Meeks Legal Group LLC**
8201 Mission Road, Suite 250
Prairie Village, Kansas 66208
Tel:  (913) 766-5585
Fax:  (816) 875-5069
Rowdy.Meeks@rmlegalgroup.com
www.rmlegalgroup.com

 *pro hac vice motion forthcoming*

 Attorneys for Plaintiffs

## Certificate of Service

I hereby certify that a true and correct copy of the above was sent on November 17, 2017 pursuant to the service requirements of the ECF/CM for the Northern District of Texas which will notify all counsel of record.

　　　　　　　　　　　　　　　　　　　　 /s/ Rowdy B. Meeks
　　　　　　　　　　　　　　　　　　　　Rowdy B. Meeks, Attorney for Plaintiff